**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NATHAN SMITH,**

        **Petitioner,**

    **v.**                    **CIVIL ACTION NO. 3:16cv100
                                           (GROH)**

**$30,619.85, in rem or quasi in rem, et.al.,**

        **Respondent.**

## REPORT AND RECOMMENDATION

## I.  BACKGROUND

On June 27, 2016, Petitioner, Nathan Smith, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241.    On June 27, 2016, Petitioner was granted Leave to Proceed *in forma pauperis*. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

## II. PETITION

Petitioner, who is currently incarcerated at USP Hazelton, is serving a sentence imposed by the United States District Court for the Southern District of Georgia.   The substance of the petition is that Congress has appropriated $30,619.95 on an annual basis to cover the cost of a federal prisoner's incarceration. The petitioner alleges that Warden Coakley is refusing to use those funds and is, therefore, failing to provide him with adequate nutrition and adequate and sustainable housing[1]. In addition, Petitioner alleges

---

[1]In particular, Petitioner alleges that he is an epileptic sleepwalker, which causes many problems while locked in a cell with another inmate at night. Petitioner alleges that the BOP will

1

that he is indigent, and the Bureau of Prisons ("BOP") is currently refusing to use the funds to provide him with exercise apparel, gymnasium access, email, phone, hobby craft items, over-the-counter personal and medical items, leisure resources and other items that can be purchased in the prison commissary. Finally, Petitioner alleges that since he began filing complaints about these issues, BOP staff have interrupted outgoing mail to the Court, placed him in chains for days, broken his thumb, forced him to sleep without a mattress or bedding and slammed him face first into the concrete. For relief, Petitioner wants "this Court to take control of the funds appropriated for this federal prisoner ($30,619.64) and feed and house me correctly until a solution can be found for my sentence to be carried out the right way: this Court can Order the BOP to grant this (and similar situated) inmate equal access to all goods, services, and health and wellness [sic] activities provided in the prison. That is what I need to function. I also want to be safe from harm and have access to Courts and outside world while incarcerated and this case is pending." ECF No. 1 .

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from issues such as parole denial, sentence computation, good conduct time[2], the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs.

---

not provide him with a single cell because they will lose the funding for the unused bed.

[2]The undersigned acknowledges that Petitioner alludes to the loss of 27 days of good conduct time because of what he claims was a fabricated assault charge. However, Petitioner makes no allegation that he was denied any of the due process required in prison disciplinary proceedings, and he does not include any request for restoration of that good conduct time. Moreover, dismissal of this action would not foreclose him from filing a § 2241 petition contesting that disciplinary proceeding.

"[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. ( quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

In the instant action, although Petitioner claims that the BOP is not carrying out his sentence correctly [ECF No. 1 at 8], it is clear that his petition is not an attack on, nor are its claims related in any way to, the execution of his sentence. Petitioner is not challenging either the fact or duration of his confinement. Instead, he is complaining about the conditions of his confinement, i.e., double celling, inadequate nutrition, access to the courts, and the financial inability[3] to purchase items available in the commissary. To pursue the

---

[3]Petitioner maintains that he lacks the funds to purchase commissary items because the BOP is garnishing his wages for PLRA payments and acknowledges that he owes "thousand of dollars" in filing fees for complaints about inadequate nutrition and suitable

claims he raises herein, Petitioner must file a lawsuit governed by <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 399 (1971),[4] and pay the $400.00 filing fee.[5]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a <u>Bivens</u> action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his

---

housing. ECF No. 1 at 8.

[4]In <u>Bivens</u>, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a <u>Bivens</u> action as opposed to one under §1983.

[5]If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

last know address as reflected on the docket sheet.

DATED: September 6, 2016.

_/s Michael John Aloi_
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE